## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 98-CT-00769-SCT

*FRANCO COLEMAN*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/1998 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAUREL G. WEIR |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 6/7/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/28/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Franco Coleman ("Coleman") was convicted in the Circuit Court of Leake County of the sale of less than one ounce of marijuana. The sale violated Miss. Code Ann. § 41-29-139(b)(3)(1993), and Coleman's sentence was doubled from three to six years imprisonment pursuant to Miss. Code. Ann. § 41-29-142 (1993). Coleman argues that the court's application of the enhanced sentence statute was flawed, as it exceeded the maximum period of confinement authorized by law. We find no error and affirm the trial court.

### I.

¶2. In the summer of 1997, an undercover operation was carried out by the Mississippi Bureau of Narcotics in conjunction with the Carthage Police Department in Leake County. Marshall Pack, an agent with the Mississippi Bureau of Narcotics, testified that he was working undercover and made the acquaintance of Coleman. Agent Pack purchased a quarter ounce of marijuana for the sum of fifty dollars from Coleman on July 6, 1997.

¶3. On August 6, 1997, Agent Pack conducted a second undercover investigation. He and an informant spoke with a third party who informed them that he did not have any drugs to sell, but that he knew an individual that did have drugs available to purchase.

¶4. Agent Pack, the confidential informant, and the third party all went to Canton Manor, but no one could be found. They then drove into Lincoln Park where Agent Pack noticed a green Cadillac belonging to Coleman. The third party then said, "There he is right there." He instructed the confidential informant to "pull

up beside that car right there." Coleman exited his vehicle and approached the undercover vehicle on the passenger side where Agent Pack was located and inquired as to what they wanted. Agent Pack told Coleman that he wanted to spend fifty dollars. Coleman went back to his automobile and got two bags of marijuana and allowed him to choose the bag he wished to purchase. Agent Pack made a choice and paid Coleman the sum of sixty dollars for the marijuana, from which Agent Pack received ten dollars in change. Subsequently, Coleman was arrested and charged for both sales of marijuana.

¶5. Coleman was indicted on two counts of selling marijuana. The indictment charged Coleman with selling drugs within 1500 feet of a public park in violation of Miss. Code Ann. § 41-29-142(1) although the statute provides for an enhanced sentence where a drug sale takes place within 1000 feet of a public park. Coleman was convicted and sentenced to two years in prison on the first count but given an enhanced sentence of six years on the second count. The sentences were to be served consecutively. The convictions and sentences were affirmed by a divided Court of Appeals after it find that the indictment gave Coleman sufficient notice that he was being charged under a statute that provided for a possible enhanced sentence. *Coleman v. State*, No. 98-KA-00769-COA (Miss. Ct. App. July 27, 1999). His appeal now comes before this Court upon grant of petition for writ of certiorari.

## II.

¶6. Coleman was convicted on both counts under Miss. Code Ann. § 41-29-139(a)(3) which prescribes a maximum sentence of three years confinement or a fine of $3,000 or both for the sale of one ounce or less of marijuana. Coleman argues that the trial judge erred in doubling his sentence to six years confinement and a $3,000 fine. Coleman's sentence was enhanced pursuant to Miss. Code. Ann. § 41-29-142 (1993) because under Count II he was convicted for the sale of marijuana within 1500 feet of a park.

¶7. Coleman argued in his brief that "[b]ecause the indictment in the case before the [c]ourt did not mention a building or outbuilding, but only charged (Coleman) with the sale of marijuana within 1500 feet of Lincoln Park, (Coleman) was given inadequate notice of the proposed elements of proof justifying enhancement."

¶8. This Court has previously held that "a reasonably concise statement of the crime will suffice." *Williams v. State*, 445 So.2d 798, 804 (Miss. 1984). The validity of an indictment is tested by practical considerations. *United States v. Goodman*, 605 F.2d 870, 885 (5th Cir. 1979). In this regard, we are left to decide if the indictment conformed with minimal constitutional standards. We find that it did.

¶9. The fundamental purpose of an indictment is to provide an individual with enough information to adequately prepare his defense. *Westmoreland v. State*, 246 So.2d 487, 489 (Miss. 1971). In this case, the indictment cited Miss. Code Ann. § 41-29-142. Based on the record, Coleman was adequately given notice of the charges against him because he prepared his defense according to the statute. Coleman defended by providing testimony from his father as to his presence in Lincoln Park. His father testified that he had taken the green Cadillac to work that day so Coleman could not have been in the car at the park. Despite this testimony, the jury found that Coleman was in the park, did sell the marijuana to Marshall Pack, and convicted Coleman on Counts I and II.

¶10. The language in Count II of the indictment charged that Coleman did "willfully, unlawfully, feloniously and knowingly sell and deliver to Marshall Pack for the sum of $50.00, a Schedule I controlled substance, namely marijuana, in an amount less than one ounce, in Leake County, Mississippi, within *fifteen hundred feet of the real property comprising Lincoln Park*, a public park, contrary to and in violation of Section

41-29-139(b)(3) and Section 41-29-142(1). Miss. Code Ann. (1972)." The error here is that, with the real property comprising the public park, it should have been *one thousand feet* instead of *fifteen hundred feet*. *Id.* Although this error exists in the indictment, we find it to be harmless.

¶11. The sale in question here actually took place in Lincoln Park. For this reason, it is irrelevant whether the sale took place within 1500 feet of a building or outbuilding, or 1000 feet of the real property of the park. This terminology within the statute clearly applies to the circumstances where someone is 1000 feet within the real property perimeter of the park. The statute contemplates that if a seller is within 1000 feet of the real property constituting the park, the enhancement of sentence is appropriate. Here, the sale took place inside of Lincoln Park; therefore, Coleman did violate the statute.

¶12. This Court has previously held that an appellant must show how the error actually prejudiced him before a reversal will be granted. *Hatcher v. Fleeman*, 617 So.2d 634, 639 (Miss. 1993). Coleman has not shown that this error harmed him in any way. The indictment indicated the specific statute which Coleman was charged with violating. In accordance, Coleman prepared a defense that denied his presence in the park. The jury, after hearing the testimony, convicted Coleman of both Count I and II. The indictment satisfied the minimal constitutional standards by including the statute and by providing Coleman with adequate notice to prepare his defense.

## CONCLUSION

¶13. The indictment indicated the specific statute which Coleman was charged with violating. Coleman was put on notice and, accordingly, prepared his defense. Finding that the indictment satisfied the minimal constitutional standards, we affirm the judgments of the Court of Appeals and the Circuit Court of Leake County.

¶14. **JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED.**

**PITTMAN, C.J., WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. MILLS, J., CONCURS IN PART. McRAE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, P.J., AND MILLS, J.**

**McRAE, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART**:

¶15. Because the jury convicted Coleman of the actual sale, I would affirm the verdict as to Count I. However, I would reverse the enhanced sentence under Count II, as it is based on an incorrect statement of the law, and remand for proper sentencing under Miss. Code Ann. § 41-29-139(b)(3)(1993). Accordingly, I concur in part and dissent in part.

¶16. Coleman was convicted on both counts under Miss. Code Ann. § 41-29-139(a)(3) which prescribes a maximum sentence of three years' confinement or a fine of $3,000 or both for the sale of one ounce or less of marijuana. Coleman's sentence was enhanced pursuant to Miss. Code. Ann. § 41-29-142 (1993) because under Count II he was convicted for the sale of marijuana within 1500 feet of a park.

¶17. In the present case, the indictment incorrectly stated the applicable statutory distance that would make Coleman subject to an enhanced sentence. Measuring from the boundaries of the real property constituting the park, the proscribed distance is 1000 feet and not the 1500 feet alleged in Count II of the indictment. "It

is a well-established principle of law that in order for an indictment to be sufficient, it must contain the essential elements of the crime charged." *Peterson v. State*, 671 So.2d 647, 652-53 (Miss. 1996).

¶18. The error was not discovered at trial and the indictment was never amended. URCCC Rule 7.06 requires that an indictment "shall fully notify the defendant of the nature and cause of the accusation." Coleman's indictment, which was an incorrect statement of the statute's content, does not provide sufficient notice. There is also no justification in the majority's argument that the defect was resolved by proof that the sale of marijuana occurred within Lincoln Park. "[A] substantive defect in an indictment cannot be cured by extrinsic proof . . . ." *Copeland v. State*, 423 So.2d 1333, 1336 (Miss. 1982).

¶19. Further, the State's jury instruction S-1 incorrectly charged the jury that it was a violation of Miss. Code Ann. § 41-29-142(1) to sell a controlled substance within 1500 feet, instead of 1000 feet, of the real property line of a public park. The distance of 1500 feet applies only to certain buildings. This too was reversible error on the part of the trial court. A circuit judge has a responsibility to see that the jury is properly instructed. *Peterson v. State,* 518 So.2d 632, 637-38 (1987). We have stated:

> [i]t is axiomatic that a jury's verdict may not stand upon uncontradicted fact alone. The fact must be found via jury instructions correctly identifying the elements of the offense under the proper standards. Where the jury had incorrect or incomplete instructions regarding the law, our review task is nigh unto impossible and reversal is generally required.

*Henderson v. State*, 660 So.2d 220, 222 (Miss.1995).

¶20. Coleman was exposed to double punishment under a fatally flawed indictment and a misleading jury instruction. Since the jury convicted him of the sale, I would affirm as to Count I. However, I would reverse his enhanced sentence for the conviction under Count II of the indictment and remanded for proper sentencing in accordance with § 41-29-139(b)(3). Accordingly, I concur in part and dissent in part.

**BANKS, P.J., AND MILLS, J., JOIN THIS OPINION.**