# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-00420-SCT

*JUREKA BROWN*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2003 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LESLIE S. LEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| MANDATE ISSUED: | CONVICTION OF SALE OF CONTROLLED SUBSTANCE AFFIRMED; SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED; SENTENCE ENHANCEMENT OF THIRTY YEARS VACATED AND REMANDED - 11/20/2008. |

**EN BANC.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This is a case involving a conviction for the sale of a controlled substance and an ensuing sentence enhancement determined not by a jury but by a trial judge.

¶2.     On February 8, 2002, in conjunction with the Pearl River Basin Narcotics Task Force (hereinafter "the Task Force"), a police informant made a controlled purchase of crack cocaine from Chastity Cranford. The informant testified at trial that, while at Cranford's

apartment, he was taken by Cranford to see Jureka Brown, who was in the bedroom of their apartment. According to the informant, Cranford asked Brown if she could sell crack cocaine to the informant, to which Brown nodded affirmatively. Cranford told Brown that she would have to retrieve the drugs from his car, and Brown handed her the keys. After retrieving a quantity of crack cocaine, Cranford returned to the apartment, broke off a piece, and showed it to Brown. According to the informant, Brown again nodded his head affirmatively. The informant gave $20 to Cranford, who gave the money to Brown.

¶3.    The substance purchased by the informant was later determined to be 0.1 gram of cocaine.

¶4.    The Task Force recorded the transaction by way of audio surveillance on the informant's person. The conversation with Cranford appears on the recording; Brown's voice does not.

¶5.    The jury returned a guilty verdict on the charge of sale of a controlled substance on February 23, 2003. Immediately thereafter, the court moved into a bifurcated hearing outside the presence of the jury to determine whether the crime occurred within 1,500 feet of a church. The sole witness at this hearing was Commander Bobby Patterson of the Task Force, who testified that he had measured a distance of approximately 720 feet between Brown's apartment and the Seventh Day Adventist Church. On cross-examination, Patterson admitted that he was not certain that the church was active — "It looks to be open to me," Patterson said – but told the court on redirect examination that the grounds appeared to have been maintained.

¶6. The trial judge determined that the sale of a controlled substance had taken place within 1,500 feet of a church and enhanced Brown's sentence from thirty years to sixty years.

¶7. The Court considers three assignments of error in this case. First, Brown argues that the evidence was insufficient as a matter of law to support a guilty verdict. Second, Brown argues that the jury's verdict was against the overwhelming weight of the evidence. Third, Brown argues that his Sixth Amendment right to a jury trial was violated by the trial court's failure to require a jury determination on the sentencing enhancement.

**I.**

¶8. "[J]ury verdicts will not be disturbed except under the most dire of circumstances." *Stewart v. State*, 986 So. 2d 304, 308 (Miss. 2008) (quoting *Anderson v. State*, 904 So. 2d 973, 977 (Miss. 2004)). When reviewing a case for sufficiency of the evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jones v. State*, 904 So. 2d 149, 153-54 (Miss. 2005) (citing *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The State must have shown "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Jones*, 904 So. 2d at 153 (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)). If, keeping in mind the reasonable-doubt standard, "'reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,' the evidence

3

will be deemed to have been sufficient." ***Bush v. State***, 895 So. 2d 836, 843 (Miss. 2005) (quoting ***Edwards v. State***, 469 So. 2d 68, 70 (Miss. 1985)).

¶9.   "When reviewing the sufficiency of the evidence, this Court looks at the lower court's ruling 'on the last occasion when the sufficiency of the evidence was challenged.'" ***Ballenger v. State***, 667 So. 2d 1242, 1252 (Miss. 1995) (quoting ***Green v. State***, 631 So. 2d 167, 174 (Miss. 1994)). Brown's most recent challenge came at his motion for a new trial; therefore, the entirety of the evidence presented against him at trial is considered "in the light most favorable to the prosecution . . . ." ***Jones***, 904 So. 2d at 153.

¶10.   A guilty verdict under Section 41-29-139 of the Mississippi Code requires the sale of a controlled substance and the intent to have done so. In the immediate case, the State presented evidence (in the form of the informant's testimony) that Brown not only acknowledged but acquiesced to the sale of crack cocaine. Miss. Code Ann. § 41-29-139 (Rev. 2005). The informant's testimony was contradicted by the only witness submitted by the defense, Chastity Cranford. But where there is conflicting testimony, "[i]t is not for this Court to pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief." ***Williams v. State***, 427 So. 2d 100, 104 (Miss. 1983) (superseded by statute on other grounds, *see* ***Hosford v. State***, 560 So. 2d 163, 167 (Miss. 1990)). Because such a determination rests within the unique province of the jury, the jury did not act unreasonably by deciding that Cranford's testimony was less credible than the informant's.

4

¶11. A rational jury could have found Brown guilty beyond a reasonable doubt based on the evidence presented, considered in the light most favorable to the prosecution. The guilty verdict was not based on insufficient evidence.

¶12. This point of error is without merit.

**II.**

¶13. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997) (citing *Thornhill v. State*, 561 So. 2d 1025, 1030 (Miss. 1989)). During such an inquiry, we afford the State "the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Griffin v. State*, 607 So. 2d 1197, 1201 (Miss. 1992). Reversal on these grounds is appropriate only when "the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Johnson v. State*, 642 So. 2d 924, 928 (Miss. 1994) (citing, *inter alia*, *McNeal v. State*, 617 So. 2d 999, 1009 (Miss. 1993)). Conflicting testimony does not evince overwhelming evidence; "[w]here the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury's duty to resolve the conflict." *Nicholson v. State*, 523 So. 2d 68, 71 (Miss. 1988) (citations omitted).

¶14. As explained under the previous point of error, the jury received conflicting testimony regarding Brown's role in the sale of crack cocaine to the informant. The trial court properly

5

left resolution of that conflict with the jury and did not abuse its discretion in refusing Brown's motion for a new trial.

¶15.   This point of error is without merit.

**III.**

¶16.   Turning from his conviction to his sentence, Brown argues that the trial court's failure to allow a jury to consider his sentence enhancement violated his right to a jury trial under the Sixth Amendment.

¶17.   Brown faces a procedural bar on this point, but because its discussion rests on important points from the substance of his argument, the substantive issue is addressed first.

A.

¶18.   "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The statute under which Brown was sentenced permits trial courts to levy sentences of up to two times the normally prescribed penalty. Miss. Code Ann. § 41-29-142 (Rev. 2005). Although this Court has held repeatedly that *Apprendi* does not require prosecutors to provide notice to capital defendants of the specific aggravating circumstances to be argued at trial, *see, e.g., Thong Le v. State*, 967 So. 2d 627, 633 (Miss. 2007), this Court has not repudiated the general rule of *Apprendi*. The existence of a church within 1,500 feet of Brown's crime, therefore, is a fact that he was entitled to have determined by a jury. The State concedes as much in its reply brief.

6

¶19. In deciding whether Brown was entitled to a jury hearing on the sentencing enhancement, the trial court relied solely on this Court's decision in ***Williams v. State***, 794 So. 2d 181 (Miss. 2001). In ***Williams***, this Court addressed the appeal of a defendant convicted of sale of a controlled substance whose sentence had been enhanced by the trial judge because the crime took place within the statutorily prescribed distance of school property. The trial judge in the immediate case appears to have relied on language in ***Williams*** that correctly notes that the 1,500-feet fact is not an element of the crime of sale of a controlled substance. *See **Williams***, 794 So. 2d at 186.

¶20. But to the extent that ***Williams*** claims no jury hearing is necessary on the issue of sentencing enhancement pursuant to Section 41-29-142 of the Mississippi Code, it lies in patent conflict with the U.S. Supreme Court's decision in ***Apprendi***. We hold today that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Apprendi v. New Jersey***, 530 U.S. at 490. To the extent that ***Williams*** conflicts with this holding, it is overruled.

B.

¶21. However, the merits of his ***Apprendi*** objection notwithstanding, Brown faces a procedural bar in raising this point of error, as he did not raise it at the trial court. A defendant cannot bring a point of error for the first time on appeal. ***Savannah v. State***, 840 So. 2d 717, 720 (Miss. 2002). Any assignment of error otherwise procedurally barred is appealable only when the trial court employed plain error. ***Foster v. State***, 639 So. 2d 1263, 1288-89 (Miss. 1994). The plain error doctrine requires not only the existence of an error,

7

but also that either the error resulted in a manifest miscarriage of justice, ***Gray v. State***, 549 So. 2d 1316, 1321 (Miss. 1989), or "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." ***United States v. Atkinson***, 297 U.S. 157, 160, 56 S. Ct. 391, 80 L. Ed. 555 (1936). Also, even a plain error is recognized only "when it affects a defendant's substantive/fundamental rights." ***Snow v. State***, 800 So. 2d 472, 483 (Miss. 2001).

¶22. Freedom from physical restraint is a fundamental right. ***Foucha v. Louisiana***, 504 U.S. 71, 86, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (1992). Substantial increases in sentence also implicate due process to such a degree as to avoid procedural bars. *See* ***Smith v. State***, 477 So. 2d 191, 195 (Miss. 1985) ("The comparison of a seven year sentence, as opposed to a life sentence, without probation or parole is too significant a deprivation of liberty to be subjected to a procedural bar."). Furthermore, failure to adhere to the clear demands of *Apprendi* undoubtedly constitutes error.

¶23. The critical question, therefore, is whether the error is plain. Such an inquiry focuses not on the result reached through flawed procedure but on the procedure itself. *See* ***United States v. Cotton***, 535 U.S. 625, 632, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002) ("The Government concedes that the indictment's failure to allege a fact . . . [was] erroneous under the reasoning of *Apprendi* . . . [and] also that such error was plain."). In the immediate case, the trial court's error amounted to a failure to afford a criminal defendant the Sixth Amendment right to a jury. Even where the guilt of a defendant is beyond dispute, denial of a jury trial undoubtedly implicates "the fairness, integrity or public reputation of judicial proceedings," *Atkinson*, 297 U.S. at 160, thereby constituting clear error.

¶24.   This determination does not conclude our inquiry, however. The U.S. Supreme Court "ha[s] repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal. Instead, 'most constitutional errors can be harmless.'" *Washington v. Recuenco*, 548 U.S. 212, 218, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (quoting *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). Specifically, *Apprendi* errors are not structural in nature and will not be reversed if the error was harmless. *Neder*, 527 U.S. at 8.

¶25.   "The basic test for harmless error in the federal constitutional realm goes back to *Chapman v. California*, 386 U.S. 18, 17 L. Ed.2d 705, 87 S. Ct. 824 (1967). The *Chapman* test is whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Thomas v. State*, 711 So. 2d 867, 872 (Miss. 1998). Nonstructural, constitutional errors in the face of "overwhelming evidence of guilt" are harmless errors. *Id.*

¶26.   In the immediate case, the evidence contained within the record showing that Brown acted within 1,500 feet of a church was far from overwhelming. The State presented just one witness, Task Force Commander Bobby Patterson, during the sentencing hearing. Patterson testified that Brown's apartment lay some 720 feet from a building identified as the Seventh Day Adventist Church. However, when asked by the prosecutor whether this was "an active church," Patterson could only attest, "As far as I know, it is." On cross-examination, this assertion grew even less sturdy. Asked by defense counsel whether "that church ha[s] an active charter or is . . . just a closed building," Patterson told the court, "It looks to be open

to me." Patterson's investigation into the matter lacked depth to such a degree that he did not even notice lights or activity within the building. Evidence that this structure was an active church was far from "overwhelming," and reasonable doubt exists on the point.

¶27.  Under *Apprendi*, Brown enjoyed a Sixth Amendment right to have the issue of his sentence enhancement submitted to a jury. *Apprendi*, 530 U.S. 466. The omission was plain error, and the outcome did not amount to harmless error. Brown's assignment of error has merit.

**IV.**

¶28.  The evidence introduced against Brown was not insufficient as a matter of law to support the jury's guilty verdict, and the verdict was not against the overwhelming weight of the evidence.

¶29.  However, the Sixth Amendment requires that the issue of Brown's sentence enhancement be submitted to a jury. Although defense counsel did not preserve the issue for appeal, the point remains appealable by virtue of the fact that the *Apprendi* violation constituted plain error.

¶30.  Brown's conviction is affirmed. The resulting thirty-year sentence, pursuant to Section 41-29-139(a)(1) of the Mississippi Code, was proper and is affirmed. But the thirty-year sentence enhancement, pursuant to Section 41-29-142 of the Mississippi Code, is vacated, and the matter is remanded to Marion County Circuit Court for proceedings consistent with this opinion.

¶31.  **CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI**

10

DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE ENHANCEMENT OF THIRTY (30) YEARS IS VACATED AND REMANDED.

WALLER, P.J., GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., CONCURS IN PART AND IN RESULT. CARLSON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, P.J., DICKINSON AND RANDOLPH, JJ.; SMITH, C.J., JOINS IN PART. LAMAR, J., NOT PARTICIPATING.

CARLSON, JUSTICE, SPECIALLY CONCURRING:

¶32. While I fully concur in today's majority opinion, I write separately to expand on the majority's treatment of the sentencing issue concerning enhancement of the penalty pursuant to Mississippi Code Annotated Section 41-29-142 (Rev. 2005).

¶33. Evidently this Court has not been squarely confronted with this issue since the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). No doubt, this Court has been confronted with *Apprendi* issues in certain criminal cases, such as those involving the death penalty. *See e.g., Havard v. State*, 988 So. 2d 322 (Miss. 2008). Our trial judges have for many years been accustomed to conducting non-jury sentencing hearings under Mississippi Code Annotated Sections 99-19-81 and 99-19-83 (Rev. 2007) (habitual-offender statutes), and Mississippi Code Annotated Section 41-29-147 (Rev. 2005) (second and subsequent drug-offender statute), and the majority correctly notes that prior convictions are excepted from *Apprendi* insofar as requiring jury determination of fact issues for enhancement of punishment. *Apprendi*, 530 U.S. at 490.

¶34. Likewise, there can be little doubt that our trial judges, in conducting non-jury sentencing hearings pursuant to section 41-29-142, have relied on this Court's decisions in

11

such cases as ***Johnson v. State***, 904 So. 2d 162, 170-71 (Miss. 2005); and ***Coleman v. State***, 786 So. 2d 397, 399-400 (Miss. 2001); as well as the Court of Appeals' decision in ***Foster v. State***, 928 So. 2d 873, 887 (Miss. Ct. App. 2005), *cert. denied*, 929 So. 2d 923 (Miss. 2006). However, in none of these cases was the appellate court confronted with ***Apprendi*** issues in the context of fact-finding on the part of the jury which might have an effect on sentence enhancement by the trial judge. Additionally, our trial judges have had every right to rely on the language of the statute itself, which provides that the sentence may be doubled or trebled, "in the discretion of the court." However, this statute was enacted prior to the United States Supreme Court's decision in ***Apprendi***. Post-***Apprendi***, we now know that while sentence enhancement is still the function of the sentencing judge, pursuant to section 41-29-142, the sentencing judge may, in his or her discretion, double or triple the sentence only upon a fact-finding by the jury that the distance between the site of the drug offense and the statutorily designated site which triggers section 41-29-142's applicability meets the requirement set out by the statute.

¶35. Additionally, as pointed out by the majority, this Court's decision in ***Williams v. State***, 794 So. 2d 181 (Miss. 2001), could easily have been construed, as it was by the trial judge in today's case, to have sanctioned a non-jury sentencing hearing under section 41-29-142, which included the judge's fact-finding concerning the distance between the site of the drug crime and the church.

¶36. Via today's case, our trial judges have thus been alerted to the fact that pursuant to ***Apprendi***, except in those cases involving prior convictions as the enhancer, any fact determination which might enhance the punishment for the crime must be submitted to the

12

jury for determination as to whether such fact has been proven beyond a reasonable doubt.

*Apprendi*, 530 U.S. at 490.  Only then may the sentencing judge enhance the punishment as

prescribed by statute.

**WALLER, P.J., DICKINSON AND RANDOLPH, JJ., JOIN THIS OPINION. SMITH, C.J., JOINS THIS OPINION IN PART.**