KITCHENS, JUSTICE,
concurring in part and dissenting in part:
¶ 20. While it is conceivable that Nurse Hogue could be considered “an employee of a private correctional facility” as contemplated by Mississippi Code Section 47-4-1 (Rev.2004), her employment status was a question for the jury. Because the jury was peremptorily instructed that Hogue was an employee, the enhanced portion of the sentence — but not the conviction in toto■ — should be vacated. To the extent that the majority holds otherwise, I respectfully dissent.
*1134 ¶ 21. We recently reiterated that, “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Jureka Brown v. State, 995 So.2d 698, 703 (Miss.2008) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). In Brown, the defendant was convicted of selling crack cocaine, and his sentence was doubled because the sale allegedly had occurred within 1,500 feet of a church. Id. at 701. See Miss. Code Ann. § 41-29-142 (Rev.2009) (providing enhanced penalties for controlled-substance crimes which occur within 1,500 feet of certain locales). On appeal, we vacated the sentencing enhancement because the trial judge, not the jury, made the determination of whether the crime had taken place within the statutorily prescribed distance. Id. at 705. Although Brown’s counsel failed to object at trial, we found the error was not subject to a procedural bar because “Brown enjoyed a Sixth Amendment right to have the issue of his sentence enhancement submitted to a jury.” Id. at 704 (citing Apprendi, 530 U.S. 466, 120 S.Ct. 2348). Moreover, the error was not harmless, because there was evidence that the church was inactive; therefore, the evidence supporting an enhanced sentence was not “overwhelming.” Id.
¶ 22. Likewise, in the present case, because Section 47-4-1 increases the maximum penalty for simple assault if the victim is “an employee of a private correctional facility,” the jury should have been tasked with deciding whether the victim was an “employee” and whether her employer was a “private correctional facility.” However, this decision was taken away from the jury because an instruction peremptorily described the nurse as an employee:
The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that at the time and place charged in the indictment and testified about, that the Defendant Zenas Tillis, did willfully, unlawfully, fe-loniously, purposely and knowingly cause bodily injury to Kathy Hogue, an employee of Walnut Grove Youth Correctional Facility, a private correctional facility, by grabbing and twisting the hand and fingers of said Kathy Hogue, at a time when the said Kathy Hogue was acting within the scope of her employment with the Walnut Grove Youth Correctional Facility, then it is your duty to find the Defendant guilty as charged.
(Emphasis added.) As this instruction is phrased, it improperly assumes facts in issue, specifically, whether Kathy Hogue was, at the time of the assault, an employee of Walnut Grove Correctional Facility, and whether that entity was a private correctional facility.
¶ 23. This instruction might have passed muster if it had gone on to make it clear to the jury that it was for them to decide whether the nurse was an employee of a private correctional facility at the time of the alleged offense. Alternatively, this could have been accomplished in a separate instruction, since it is well established in our state’s jurisprudence that none of the instructions stands alone; all must be considered together by the jury. See, e.g., Ford v. State, 975 So.2d 859, 863 (Miss.2008) (quoting Austin v. State, 784 So.2d 186, 192 (Miss.2001)) (“[Jjury instructions are to be read together and taken as a whole with no one instruction taken out of context.”).
¶ 24. As in Brourn, because the issue of Hogue’s employment status was hotly contested at trial, such an error cannot be *1135 harmless, and his failure to object at trial does not bar our review of the issue. Brown, 995 So.2d at 704-05.
¶ 25. Under Apprendi, 530 U.S. 466, 120 S.Ct. 2348, the Sixth Amendment to the United States Constitution requires that the jury, not the judge, make factual determinations necessary for enhancement of sentencing beyond the statutory maximum. See also Miss. Const, art. 3, § 26 (guaranteeing right to jury trial “in all prosecutions by indictment or information”). Because Tillis was denied his right to have a jury decide Hogue’s employment status, a fact that significantly increased the penalty, I would vacate the enhanced portion of his sentence and remand the case for sentencing for simple assault.
GRAVES, P.J, AND DICKINSON, J., JOIN THIS OPINION.