CHANDLER, Justice,
concurring in part and in result:
¶ 66. I respectfully concur in part and in the result. I would find that the trial court abused its discretion by admitting Dr. Matherne’s testimony regarding the fist-demonstration methodology, but the error was harmless in light of the overwhelming evidence of Anderson’s guilt. In my opinion, this testimony was unreliable and inadmissible under Mississippi Rule of Evidence 702. I agree with the majority’s analysis of the other issues.
¶ 67. After reciting the familiar modified Daubert standard for the admission of expert testimony under Rule 702, the majority concludes that Dr. Matherne’s fist-demonstration methodology was a reliable technique for gathering information from an alleged child-abuse victim. As the majority recognizes, Daubert lists several illustrative factors which the gatekeeper may consider in determining the reliability of expert testimony. Miss. Transp. Comm’n v. McLemore, 863 So.2d 31, 36 (Miss.2003) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-94, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). These factors include: (1) whether the theory or technique can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) whether there is a high known or potential rate of error concerning the particular technique; (4) whether there are standards controlling the technique’s operation; and (5) whether the theory or technique enjoys general acceptance in the relevant scientific community. Id. at 37.
¶ 68. Whether these factors are applicable in a particular case depends upon the individual circumstances of the case. Id. (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). Because a witness may qualify as an expert in areas other than science or medicine, the Daubert factors may be more or less helpful to the trial court in its role as gatekeeper. Id. “[T]he Daubert factors should be considered only ‘where they are reasonable measures of the reliability of expert testimony.’ ” Id. (citing Kumho Tire, 526 U.S. at 152, 119 S.Ct. 1167). But in every case “whether testimony is based on professional studies or personal experience, the ‘gatekeeper’ must be certain that the expert exercises the same level of ‘intellectual rigor that characterizes the practice of an expert in the relevant field.’ ” Id. at 37-38. “Neither Daubert nor the Federal Rules of Evidence requires that a court ‘admit opinion evidence that is connected to existing data only by the ipse dixit of the expert,’ as self-proclaimed accuracy by an expert [is] an insufficient measure of reliability.” Id. at 37 (quoting Kumho Tire, 526 U.S. at 157, 119 S.Ct. 1167).
¶ 69. Because the Daubert inquiry is fact-specific, I review Dr. Matherne’s testimony at the Daubert hearing. See McLemore, 863 So.2d at 40. Dr. Math-erne testified that he performs interviews with alleged child sexual-abuse victims who are referred by the Department of *946 Human Services. He stated that he has interviewed between one thousand and two thousand alleged child sexual-abuse victims over his forty-year career, and that he teaches interviewing techniques to psychology students. Dr. Matherne testified that his methodology is based on years of reading literature and attending seminars. Dr. Matherne testified that, in interviewing alleged child sexual-abuse victims, there is a danger that leading questions could yield misinformation from the child. He testified that he developed the fist-demonstration methodology himself based upon years of experience, but he admitted that it has not been peer-reviewed. The technique has not been cited in any journal, and he does not know of any other psychologists who use it. Dr. Matherne testified that there is no name for his interviewing protocol.
¶ 70. Dr. Matherne stated that the fist-demonstration technique allows the child to communicate regarding penetration, and then this information is used to determine whether a physical examination is necessary. Dr. Matherne stated the reason the technique is visual is that sometimes the child’s words do not convey the necessary information. He said some children become emotional during the fist-demonstration. The trial court admitted Dr. Math-erne’s expert testimony, finding that the fist-demonstration methodology was reliable.
¶ 71. In my opinion, the trial court abused its discretion by finding that the fist-demonstration technique was reliable. Certainly, a methodology for interviewing alleged child sexual-abuse victims is not amenable to testing and determining a rate of error. However, the other Daubert factors are helpful in determining the reliability of such a technique, including (1) whether the technique has been subjected to peer review and publication; (2) whether there are standards controlling the technique’s operation; and (3) whether the theory or technique enjoys general acceptance in the relevant scientific community. For example, in Mooneyham v. State, 915 So.2d 1102, 1107-08 (Miss.2005) (Chandler, J., specially concurring), a majority of the Court of Appeals found that testimony by an interviewer of an alleged child sexual-abuse victim using the “Finding Words” protocol was reliable because there were standards controlling the protocol, the interviewing techniques had been peer-reviewed, and these techniques had enjoyed general acceptance in the scientific community.
¶ 72. While I agree it is not fatal that Dr. Matherne’s fist-demonstration technique has not been peer-reviewed, neither of the other two factors was met. Nothing shows that the fist-demonstration technique is not unduly suggestive, other than Dr. Matherne’s testimony that he believes it is an effective way for the child to communicate information. I would find that the fist-demonstration technique was not reliable. I note that child sexual-abuse cases often present the jury with only the child’s word against the perpetrator’s, and that forensic interviewers in Mississippi are permitted to testify that the alleged victim’s characteristics are consistent with those of a child who has been abused. Bishop v. State, 982 So.2d 371, 381 (Miss. 2008). This means that the testimony of a forensic interviewer like Dr. Matherne often may be the determinative factor in a child sexual-abuse case. In light of these considerations, this Court should be exacting in its application of the reliability requirements of the modified Daubert test to forensic interviewing techniques.
¶ 73. To secure Anderson’s conviction of statutory rape, the State had to prove that Anderson had sexual intercourse with Allison. At the time of the crime, sexual *947 intercourse was defined as “a joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female.” Miss.Code Ann. § 97-3-65(6) (Rev.2006). At the trial, Dr. Matherne stated that he had determined that penetration had occurred with Allison. He testified that Allison had become emotional during the fist demonstration. Dr. Math-erne testified that Allison had performed the demonstration by taking her “index finger of one hand and insert[ing] into the center of the closed fist.” Then, Dr. Math-erne used his own hands to replicate Allison’s fist-demonstration for the jury. This testimony was strong evidence of sexual intercourse, because it consisted of Dr. Matherne’s expert opinion that, based on the fist-demonstration methodology, penetration had occurred. As previously discussed, I would find that this testimony was unreliable, and its admission was error. However, the testimony of Allison and the eyewitness that there was penetration renders the error harmless, because it appears “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” Mof-fett v. State, 49 So.3d 1073, 1099 (Miss. 2010) (quoting Brown v. State, 995 So.2d 698, 704 (Miss.2008)).