LEE, C.J.,
concurring in part and dissenting in part:
¶ 20. While I concur with the majority’s affirmation of Foster’s armed-robbery conviction, I respectfully dissent from its findings regarding Foster’s sentence. I find that Foster’s sentence is illegal, as it exceeds a term reasonably expected to be less than life. Thus, I would vacate Foster’s sentence and remand the matter to the trial court for resentencing.
¶ 21. Foster failed to object to the sentence once it was rendered and did not raise this specific objection in his motion for a new trial. Since Foster failed to make an objection at trial, he must rely on plain error to overcome the procedural bar on appeal. Foster v. State, 639 So.2d 1263, *1051 1288-89 (Miss.1994). The plain-error doctrine is only applied when there has been an error that “resulted in a manifest miscarriage of justice” and when an error “affects a defendant’s substantive/fundamental rights.” Williams v. State, 794 So.2d 181,187 (¶ 28) (Miss.2001), overruled on other grounds by Brown v. State, 995 So.2d 698, 703 (¶20) (Miss.2008). The Mississippi Supreme Court has found “the right to be free from an illegal sentence ... to be fundamental.” Kennedy v. State, 732 So.2d 184, 186 (¶8) (Miss.1999) (citing Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998)). Thus, Foster is entitled to have his claim considered on the merits.
¶ 22. In Foster’s case, the jury did not sentence him to life, leaving the decision to the trial court, which sentenced him to forty years. Foster, who was thirty-five years old at the time of trial, argues that his sentence of forty years is unlawful because it is tantamount to a life sentence. Foster argues that the trial court should have consulted actuarial tables to determine his life expectancy before sentencing him, and the failure to do so resulted in essentially a life sentence. Foster states that the average life expectancy for a thirty-five-year-old African American male ranges from 37.9 to 39 years.
¶ 23. Under Mississippi Code Annotated section 97-3-79 (Rev.2006), if the jury does not sentence the defendant to life imprisonment, it is the trial court’s duty to sentence the defendant to a term less than life. When sentencing, a trial court must “make a record of and consider all relevant facts necessary to fix a sentence for a definite term reasonably expected to be less than life ... [and] should consider the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence.” Stewart v. State, 372 So.2d 257, 259 (Miss.1979). A court may take judicial notice of actuarial tables. Henderson v. State, 402 So.2d 325, 328 (Miss.1981). In his sentencing order, the trial judge did consider the seriousness of the crime, the impact on the victims, Foster’s prior conviction for aggravated assault, and his age of thirty-five in deciding to sentence Foster to forty years. The trial judge did not consider Foster’s life expectancy.
¶ 24. The majority relies upon Cox v. State, 793 So.2d 591 (Miss.2001), in which the Mississippi Supreme Court found a co-defendant, Eddie James Shorty, was procedurally barred from arguing on appeal that his sentence exceeded his life expectancy. In its analysis of that case, the majority notes Shorty failed to provide evidence that his sentence was equivalent to life. The majority fails to address the fact that at the time of sentencing, Shorty was thirty-eight years old. His thirty-year sentence would have ended when he was sixty-eight years old, which is clearly reasonably less than his life expectancy.
¶25. Section 97-3-79 is clear-because the jury failed to sentence Foster to life, the trial court was required to sentence him to a term less than life. The trial court sentenced Foster to forty years, a term greater than his life expectancy, which exceeds the maximum term allowed by section 97-3-79. Therefore, I would vacate Foster’s sentence and remand to the trial court for resentencing.
IRVING, P.J., BARNES AND ISHEE, JJ., JOIN THIS OPINION.