# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-00083-SCT

*JESSIE FRANK JONES*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/2002 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID L. WALKER |
| | TOMMY W. DEFER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.  CONVICTION OF ATTEMPTED BURGLARY OF A DWELLING AND SENTENCE OF TWENTY FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH NO BENEFIT FROM GOOD TIME OR ADMINISTRATIVE REDUCTION OF SENTENCE, AFFIRMED - 03/31/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

WALLER, PRESIDING JUSTICE, FOR THE COURT:

¶1.     Jesse Frank Jones was convicted of attempted burglary and was sentenced as a habitual offender to 25 years in prison.   The Court of Appeals unanimously reversed and remanded for a new trial after finding that evidence of prior crimes was improperly admitted into evidence without a offering the factual background of each of the prior offenses.  *Jones v. State*, 2004 WL 1157489 (Miss. Ct. App. 2004).   The State has raised one issue in its petition for writ of certiorari, contending that the convictions were offered only to show intent rather than modus operandi and that introducing the factual background of the convictions would have been grounds for reversal.   We reverse the Court of Appeals' judgment, address Jones' two remaining issues and reinstate and affirm the circuit court's judgment of conviction and sentence.

### FACTS[1]

¶2.     Jessie Frank Jones approached the home of Kevin Voyles and knocked on the door. Voyles testified that it was his belief that Jones was attempting to break into his house. Jones admitted he may have knocked too hard, but denied kicking, or in any other way, attempting to force entry. Voyles, on the other hand, testified that Jones banged and kicked on his door to the point that it scared him. Voyles called 911 and then retrieved a gun. Voyles also testified that he peered through the window and saw Jones with a knife in his hand.

¶3.     The investigating officer testified that the door had dents and scratches on it, particularly around the peephole. Items were knocked off the interior wall of the house and

---

[1]The facts are taken verbatim from the Court of Appeals' opinion.  *See Jones*, 2004 WL 1157489 at ¶¶ 3-6.

were found l[]ying on the floor near the door. The peephole of the door was also found lying on the floor inside the house.

¶4. When first questioned, Jones claimed that he knew nothing about the incident. Later, Jones admitted that he was at the residence, but said he was there in an attempt to retrieve water for his over-heated car. While there was evidence to support Jones' claim that he had radiator problems around the time of the incident, there was no corroborating evidence that supported Jones' claim that he had radiator problems on the specific day of the incident.

¶5. Jones was convicted of attempted burglary of a dwelling.

## DISCUSSION

### I. WHETHER THE CIRCUIT COURT ERRED IN ALLOWING EVIDENCE CONCERNING OTHER CRIMES, WRONGS OR ACTS.

¶6. Rule 404(b) of the Mississippi Rules of Evidence provides as follows:

> **Other Crimes, Wrongs, or Acts**. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Usually, evidence of another crime or prior bad act is not admissible. *Ballenger v. State*, 667 So. 2d 1242, 1256 (Miss. 1995). However, evidence or proof of a prior crime or bad act is admissible where it is necessary to show identity, knowledge, **intent**, motive or to prove scienter. *Simmons v. State*, 813 So. 2d 710, 716 (Miss. 2002); *Wheeler v. State,* 536 So. 2d 1347, 1352 (Miss. 1988).

¶7.    Where a trial court determines that potentially prejudicial evidence possesses sufficient probative value, it is within that court's sound discretion whether or not to admit same, since M.R.E. 403 does not mandate exclusion but rather provides that the evidence *may* be excluded. ***Baldwin v. State***, 784 So. 2d 148, 156 (Miss. 2001).  The task of an appellate court in reviewing such a determination is not to conduct its own de novo Rule 403 balancing, but simply determine whether the trial court abused its discretion in weighing the factors and in admitting or excluding the evidence.  ***Foster v. State***, 508 So. 2d 1111, 1117-18 (Miss. 1987), *overruled on other grounds*, ***Powell v. State***, 806 So. 2d, 1069, 1080 (Miss. 2001).

¶8.    In the present case, the State introduced evidence of Jones' prior convictions for burglary and attempted burglary solely for the purpose of proving his intent to commit larceny in the Voyles' home.  The prosecutor called the clerk of the circuit court as a witness and had him identify records of Jones' prior guilty pleas to charges of burglary and attempted burglary. The prosecutor than asked the witness if the records indicated whether the offenses charged that the crimes were carried out **with the intent to commit larceny.** The witness responded affirmatively.   The Court of Appeals reversed because the State did not introduce the particulars of each prior conviction so as to show relevance.   The State asserts that to do so would have risked reversal on grounds that the details not related to intent would have improperly prejudiced the jury.    Further, the Court of Appeals acknowledged that the convictions were admissible for the purpose of proving intent but held, without citation to authority, that having the circuit clerk read them to the jury was improper.

4

¶9. We find that evidence regarding the underlying facts of each conviction is irrelevant in this case. The convictions were introduced to show intent. Intent was shown by the fact that Jones admitted (by pleading guilty) to five prior burglaries and to one attempted burglary. Jones argued that the only reason he was at the Voyles' house was to obtain help after his vehicle broke down. The prior convictions tend to prove, along with other facts, that Jones' intent was to burglarize the house, not to obtain help. The underlying facts of the six prior convictions were irrelevant to the issue of intent, and the circuit court would have erred if it had admitted such evidence.

¶10. Under Rule 403, the admission of evidence of prior crimes is allowed when proving intent. This principle is illustrated in cases where a person is arrested for possession of two or more precursors with the intent to manufacture methamphetamine. Each precursor may be a consumer product which can be bought at any store, so the possession with the intent to manufacture is the critical issue. There, evidence of a prior conviction of possession with intent to manufacture is very relevant to the issue of intent. *See, e.g., **Holland v. State***, 656 So. 2d 1192, 1196 (Miss. 1995) (evidence of prior crimes admissible to prove intent). The circuit judge did not err when he admitted such evidence here.

¶11. More importantly, defense counsel did not challenge the introduction of the evidence on the basis that the underlying facts were not admitted also. In fact, the only argument on direct appeal Jones made in this regard was that the evidence should not have been admitted because he did not place his character into issue. The record also shows that the circuit court, even when defense counsel did not request one, gave a limiting instruction on the evidence, and

5

that the circuit court fulfilled its duty by balancing the probative value of the evidence against the prejudicial effect and found that the probative value outweighed the prejudicial effect. Finally, the standard of review regarding the admission or exclusion of evidence is abuse of discretion. *Herring v. Poirrier*, 797 So. 2d 797, 804 (Miss. 2000). The Court of Appeals erred when it found that the circuit judge abused his discretion, especially when it cited absolutely no authority in support of such a finding.

## II. WEIGHT/SUFFICIENCY OF THE EVIDENCE AND DENIAL OF PEREMPTORY INSTRUCTION.

### A. Sufficiency of the Evidence

¶12. To determine whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

¶13. Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to convict Jones of attempted burglary of a dwelling. Jones was seen with a knife outside the victim's house. Then he began banging on the front door with such force

6

that objects on the walls of the entrance hall crashed to the floor and the peephole which had been installed in the door was catapulted out of the door. No reasonable person with a broken-down car who needed help would approach a house in the same manner. In light of these facts, we find that any rational juror could have found beyond a reasonable doubt that all of the elements[2] had been met by the State in proving attempted burglary of a dwelling. This issue is without merit.

### B. Weight of the Evidence.

¶14. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. ***Herring v. State***, 691 So. 2d 948, 957 (Miss. 1997). The evidence should be weighed in the light most favorable to the verdict. ***Id.*** The standard of review for denial of peremptory instructions is the same. ***Walker v. State***, 881 So. 2d 820, 830 (Miss. 2004).

¶15. Viewing the evidence in the light most favorable to the verdict, we cannot say that an unconscionable injustice resulted from this jury's rendering of a guilty verdict. In addition to the above-recited evidence, testimony at trial revealed that Jones had burglarized many homes in the past. His actions on the day in question undoubtedly show that he was attempting the burglarize the dwelling in question. Viewed in the light most favorable to the verdict, we

---

[2]The elements of burglary of an inhabited dwelling as defined in Miss. Code Ann. § 97-17-23 (Rev. 2000) are: (a) breaking and entering the dwelling house or inner door of such dwelling house of another, (b) with intent to commit some crime.

cannot say that the evidence preponderates heavily against the jury's decision to find Jones guilty of attempted burglary. This issue is without merit.

### III. WHETHER THE CIRCUIT COURT ERRED IN OVERRULING JONES' OBJECTIONS TO THE STATE'S USE OF PEREMPTORY STRIKES.

¶16. Jones, an African-American, complains that the State's exercise of its first three peremptory strikes against African-Americans shows racial bias by the State in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). The circuit court held that no pattern of racial discrimination had been shown inasmuch as the State did not object to four other African-Americans who ultimately served on the jury.

¶17. To establish a prima facie case alleging that a jury represents an unfair cross-section of the community, Jones must demonstrate: (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Gray v. State*, 887 So. 2d 158, 165 (Miss. 2004) (citing *Lanier v. State*, 533 So. 2d 473, 477 (Miss. 1988).

¶18. We find that Jones has failed to prove that the State used its peremptory strikes in a discriminatory manner. Most problematic is the fact that Jones failed to preserve the record for the voir dire. We do not know the racial composition of the venire. We do not know the racial composition of the jury. We do not know the racial composition of Tate County. However, we do know, as both Jones and the State agree, that the State used peremptory strikes

8

against three African-Americans and that four African-Americans were seated on the jury. We cannot say that these bare facts created a reasonable inference of purposeful discrimination or that the State attempted to systematically remove African-Americans from the venire. This claim is without merit.

**CONCLUSION**

¶19. Finding that the introduction of evidence of prior crimes was appropriate, we reverse the Court of Appeals' judgment. Finding that the remaining issues are without merit, we

reinstate and affirm the judgment of conviction entered and sentence imposed by the Circuit Court of Tate County, Mississippi.

¶20.    **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. CONVICTION OF ATTEMPTED BURGLARY OF A DWELLING AND SENTENCE OF TWENTY FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH NO BENEFIT FROM GOOD TIME OR ADMINISTRATIVE REDUCTION OF SENTENCE, AFFIRMED.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY.  GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**