BARNES, J.,
for the Court.
¶ 1. James K. Moore was convicted of business burglary by a Rankin County Circuit Court jury and sentenced as a violent habitual offender, to life without the possibility of parole pursuant to section 99-19-83 of the Mississippi Code (Rev.2000). Moore filed this appeal following the denial of his motion for new trial or in the alternative judgment notwithstanding the verdict. His sole assignment of error is that the trial court erred in allowing the prosecution to introduce evidence of a prior bad act. Finding no error, we affirm.
STATEMENT OF FACTS
¶2. Tim Derrick testified that on the evening of March 20, 2002, at approximately 8:00 p.m., he was purchasing gasoline at the Conoco service station in Brandon when he noticed a black male walking back and forth and fidgeting in the area of a nearby pay telephone. The man, later identified as Derek Fitzgerald, also appeared to be making some attempt at concealing a tire tool that he carried in one hand. Very shortly thereafter, Fitzgerald walked toward a nearby Family Dollar Store and began striking the glass door of the store with the tire tool causing the glass to break. Derrick placed a 911 call on his cell phone and waited for law enforcement officers to arrive. Officers from the Brandon Police Department arrived within minutes of the call.
*383 ¶ 3. One of the responding officers was Lee Bryant who testified that he and his partner were in the vicinity when they heard the call. They approached without lights or sirens, and Bryant went to the rear of the store while his partner covered the front. Almost immediately, Fitzgerald rushed out of the rear entrance of the store and was confronted by Bryant who ordered him to “freeze and get on the ground.” A pat down search of Fitzgerald produced what Bryant described as a “wad” of money. When questioned about the presence of any accomplices, Fitzgerald said that there was no one in the store but that he had been accompanied to the scene by another individual who was waiting in Fitzgerald’s car at a nearby parking lot.
¶ 4. David Smith, a lieutenant with the Brandon Police Department, testified that he investigated Fitzgerald’s claim that a second person was waiting in Fitzgerald’s car parked near the scene. Using information provided by Fitzgerald on the description of the individual and the car, Smith located the car at a nearby Shell service station and, indeed, an individual fitting the description provided by Fitzgerald was occupying the driver’s seat of the automobile. Lt. Smith testified that he approached the vehicle and asked the occupant to step out of the vehicle and to produce some form of identification. No identification was produced but the individual identified himself as Kendall Ellis. A check on the vehicle confirmed that the car belonged to Fitzgerald. The person who identified himself as Kendall Ellis was later determined to be James K. Moore.
¶ 5. Fitzgerald testified that he met Moore for the first time at approximately 10:30 a.m. on the morning of the crime. He said that he saw Moore walking along a Jackson, Mississippi street and agreed to give him a ride home. Before long, the two men were smoking crack cocaine that had been provided by Moore as payment for the ride. At some point, Fitzgerald agreed to purchase cocaine from Moore, and the two of them smoked that as well. When it came time for Fitzgerald to pay for the cocaine, Fitzgerald was forced to admit that he did not have the sixty or seventy dollars that was owed. Moore demanded payment for the cocaine.
¶ 6. Fitzgerald told Moore that he knew where he could get the money. He told Moore that he had once been the manager of the Family Dollar Store in Brandon and that he still had keys to the store. Fitzgerald testified that he made up the story in an attempt to get away from Moore because he was afraid of what Moore would do to him if he did not pay the money. Fitzgerald explained that earlier in the day he had witnessed an incident in which Moore put a knife to the throat of an unidentified individual and threatened to kill the individual. Fitzgerald further testified that when he offered to go and get the money he owed, Moore did not trust him to return with the money. Moore then took the keys to Fitzgerald’s car and drove the two of them to the Family Dollar Store where Moore coerced Fitzgerald with threats of violence and death into breaking into the store.
¶ 7. Moore rested without putting on a defense.
ISSUE AND ANALYSIS
WHETHER THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO INTRODUCE EVIDENCE OF A PRIOR BAD ACT
¶ 8. By way of a pre-trial motion in limine, Moore sought and was granted a continuing objection to the introduction of any testimony concerning allegations that on the day of the burglary Moore held a *384 knife to the throat of an unidentified individual and threatened to kill that person; however, the trial court ruled that the testimony would be allowed under Rule 404(b) of the Mississippi Rules of Evidence, and found that the probative value of the testimony outweighed any prejudicial effect under M.R.E. 403.
¶ 9. Moore argues that it was error for the statement to be introduced under Rule 404(b), and if not error under 404(b), then the statement’s prejudicial effect outweighed its probative value under Rule 403. This Court’s standard of review regarding the admission or exclusion of evidence is abuse of discretion. Jones v. State, 904 So.2d 149(¶ 11) (Miss.2005).
¶ 10. The Mississippi Supreme Court in Simmons v. State, 813 So.2d 710, 716(¶ 30) (Miss.2002), held that evidence of other crimes or bad acts is admissible in order to tell the complete story so as not to confuse the jury. Citing its prior case of Brown v. State, 483 So.2d 328, 330 (Miss.1986), the court held that when it is substantially necessary to present to the jury “the complete story of the crime,” evidence or testimony may be given even though it may reveal or suggest other crimes. The Simmons court found that evidence of a prior physical altercation between Simmons and another individual was not offered to show Simmons’s character, but was presented as an integral part of the story for the purpose of showing intent and establishing motive. Simmons, 813 So.2d at 716(¶ 31).
¶ 11. Similarly, in Moore’s case, the evidence concerning Moore’s making a knife threat against another individual was not used to show Moore’s character, but rather was used to tell the complete story of Moore’s intent and motive for being at the scene of the burglary even though he took no part in the actual burglary itself. The evidence explained why Fitzgerald was seen fidgeting and pacing prior to the burglary, as witnessed by Tim Derrick, and lent credence to Fitzgerald’s claim of having been coerced into committing the crime through threats and intimidation by Moore. Without this evidence there might have been some confusion on the part of the jury as to whether there was sufficient coercion by Moore or even about Moore’s involvement in the crime at all. This Court finds that the evidence was an integral part of the telling of the complete story and aided the jury in understanding the circumstances leading to the commission of the crime. There was no abuse of discretion in the admission of this evidence.
¶ 12. Moore further claims that on the basis of M.R.E. 403 the prejudicial effect of the evidence outweighed its probative value. This Court finds that the lower court was correct in its ruling that the probative value of the evidence substantially outweighed any prejudicial effect. Furthermore, in keeping with this Court’s standard of review and the holding of Price v. State, 898 So.2d 641 (Miss.2005), we find that because the testimony was evidence of motive and intent and aided in telling the complete story, any prejudice that may have resulted from the admission of the evidence was minimal; therefore, there was no abuse of discretion. The Mississippi Supreme Court in Price held as follows:
In Lindsey v. State, 754 So.2d 506, 511-13 (Miss.Ct.App.1999), the Court of Appeals ruled that a trial court did not abuse its discretion in admitting testimony that a defendant charged with murder stole a gun and an automobile prior to the commission of the murder, even assuming the trial judge failed to balance whether the prejudicial effect outweighed its probative value under Rule 403. The Court of Appeals reasoned that because the testimony was evidence *385 of plan and preparation and aided in telling a complete story, the prejudicial effect, if any, was minimal. Lindsey, 754 So.2d at 514. Today, we adopt the rationale of Lindsey and hold that the trial court did not abuse its discretion in failing to conduct a Rule 403 analysis of the evidence that Price fondled the victim because the prejudicial effect, if any, was minimal.
Lindsey, 754 So.2d at 514(¶ 31). Finding no abuse of discretion, this Court affirms the lower court’s finding that the probative value of the evidence outweighed any prejudicial effect.
¶ 13. Finally, Moore argues that on the authority of Smith v. State, 656 So.2d 95, 100 (Miss.1995), the trial judge’s failure to give a limiting instruction was error despite Moore’s failure to request such instruction. Subsequent to briefing by Moore, the supreme court “ abandoned] Smith’s requirement that a judge issue a sua sponte limiting instruction and return[ed] to the clear language of Rule 105 [of the Mississippi Rules of Evidence which] ... clearly places the burden of requesting a Rule 404(b) limiting instruction upon counsel.” Brown v. State, 890 So.2d 901, 913(¶ 36) (Miss.2004). In accordance with Brown’s determination that there is no error in a trial court’s failure to issue a limiting instruction absent an affirmative request by counsel, we find Moore’s argument to be without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF BUSINESS BURGLARY AND SENTENCE, AS A VIOLENT HABITUAL OFFENDER, TO LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.