# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-01831-SCT

*GEORGE LEE MASSEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/05/2007 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MISSISSIPPI OFFICE OF INDIGENT APPEALS BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/23/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     George Lee Massey was indicted on one count of lustful touching of a child pursuant to Mississippi Code Annotated Section 97-5-23 (Rev. 2006).  On September 11-12, 2007, Massey was tried by a jury in the Circuit Court of Lauderdale County, the Hon. Robert W. Bailey presiding.  Massey was convicted by the jury.  He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections with five years

suspended and five years probation. Thereafter, the trial court denied Massey's post-trial motions. From that conviction and sentence, Massey appealed to this Court.

**FACTS**

¶2.    G.T., a fourteen-year-old minor, testified that she often visited the home her grandparents shared with her great-uncle, Massey. G.T. testified that, on or about June 29, 2006, she was in Massey's room using the computer while Massey was asleep on the bed, wearing boxer shorts. Massey woke up and smoked a cigarette. After using the bathroom, Massey returned to the bedroom and began to rub lotion on his feet. Massey then began to rub lotion on G.T.'s feet. Next, he began to rub lotion on G.T.'s leg and then moved to her vaginal area, touching her with his whole hand. G.T. testified that she did not know what to do. She said she spun around in her chair, Massey got up, and G.T. ran into the living room to her grandmother.

¶3.    Later, G.T. went back to the room, and Massey said that he had an ant bite on his "private area" and tried to show it to her. G.T. told him "No," and Massey said, "Does that offend you or something?" G.T. returned to her grandmother. When her grandmother told her that Massey was calling her, G.T. stated that she wanted to stay with her grandmother.

¶4.    G.T. testified that she was scared and did not tell her grandmother what had happened. G.T. never again returned to the home her grandparents shared with Massey after the events of June 29, 2006. Three weeks later, G.T. spoke to her grandfather on the telephone. He asked her why she had not been to the house to visit them. G.T. told her grandfather what had happened at the house after saying she was afraid her father might hurt Massey.

2

¶5.    Massey testified in his own defense.  He said that he never touched G.T. inappropriately.  In addition, Massey testified that he did not own a pair of boxer shorts, and that G.T. had asked him to rub lotion on her.

**DISCUSSION**

**I.    JNOV.**

¶6.    Massey argues that the trial court erred by denying his motion for judgment notwithstanding a verdict (JNOV) because G.T.'s testimony suggested grave doubt as to Massey's guilt.  Massey bases this argument on the fact that G.T. delayed three weeks in reporting the alleged incident.  Massey also contends that the allegations were made after her grandfather questioned her about not visiting.  Further, Massey argues that G.T.'s testimony differed from her written statement to police.

¶7.    A motion for JNOV challenges the legal sufficiency of the evidence.  *McIntosh v. State*, 917 So. 2d 78, 84 (Miss. 2005). "This Court properly reviews the ruling on the last occasion the challenge was made in the trial court." *Id*. (quoting *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993)).  The final occasion when the legal sufficiency of the evidence was challenged was when the trial court denied Massey's motion for JNOV.

¶8.    In *Jones v. State*, 904 So. 2d 149, 153-154 (Miss. 2005), this Court set forth the standard of review for JNOV:

> To determine whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where

3

the evidence fails to meet this test it is insufficient to support a conviction." ***Carr v. State***, 208 So. 2d 886, 889 (Miss. 1968). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

¶9. Massey was indicted pursuant to Mississippi Code Annotated Section 97-5-23 (Rev. 2006). In ***Ladnier v. State***, this Court stated:

> To sustain a conviction under to Miss. Code Ann. [97-5-23], the State must prove beyond a reasonable doubt that (1) the defendant was over the age of eighteen; (2) the child was under the age of 16; and (3) that the defendant touched the child with either his hands or another part of his body for the purpose of gratifying his lust.

***Ladnier v. State***, 878 So. 2d 926, 929 (Miss. 2004). *See also* Miss. Code Ann. § 97-5-23 (Rev. 2006).

¶10. The record reveals that Massey was more than eighteen years old, and that G.T. was fourteen years old on the day that Massey rubbed lotion on G.T. and touched her. G.T. testified that Massey asked her if he could rub lotion on her. She said he put lotion on her feet and legs, and then began to rub her vaginal area with his whole hand. G.T. testified that she was scared and left the room. G.T. also testified that when Massey later called her back to the room, she refused to look at an ant bite that he claimed was on his private area. Thereafter, G.T. returned to the living room and stayed with her grandmother for the rest of the day. However, G.T. said she did not tell her grandmother what had happened because she was scared.

4

¶11.    Massey testified that G.T. asked him to put lotion on her.  In addition, he testified that he never inappropriately touched G.T.  Massey also stated that G.T. was in his room on the computer at night when this incident allegedly occurred.  Massey stated that G.T.'s grandfather was present in the house and was trying to get her to go to bed.

¶12.    The jury heard the different versions of events from the witnesses.  This Court consistently has held:

> The jury determines the weight and credibility to give witness testimony and other evidence.  **Johnson v. State**, 904 So. 2d 162, 167 (Miss. 2005).  We may not "pass upon the credibility of witnesses and, where the evidence justifies a verdict, it must be accepted as having been found worthy of belief."  **Davis v. State**, 568 So. 2d 277, 281 (Miss. 1990).

**Moore v. State**, 933 So. 2d 910, 922 (Miss. 2006).

¶13.    The jury heard the testimony of both G.T. and her grandfather with regard to his inquiry  about her abrupt cessation of visits to the home.  On cross-examination, defense counsel questioned G.T. in the presence of the jury as to her explanation of alleged inconsistencies between her testimony and her written statement to the police.

¶14.    As for the delay in reporting, in **Miley v. State**, 935 So. 2d 998, 1001 (Miss. 2006), this Court held that "the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence."  *See also* **Price v. State**, 898 So. 2d 641, 651 (Miss. 2005); **Ladnier v. State**, 878 So. 2d 926, 931 (Miss. 2004); **Collier v. State**, 711 So. 2d 458, 462 (Miss. 1998).  In addition, this evidence is sufficient "especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime."  **Collier**, 711 So. 2d at 462.

5

In **Collier**, this Court also held that a "victim's physical and mental condition after the incident" and the immediate reporting of a crime is corroborating evidence. **Id**. (quoting **Christian v. State**, 456 So. 2d 729, 734 (Miss. 1984)).

¶15. G.T. waited three weeks to report the incident to her grandfather. She told her grandfather about the incident when he called her and asked why she had not come to the house to visit them. However, G.T. stated that she was scared and thought her father might harm Massey if she told her father what had happened to her. G.T. stated, "Because I know how my daddy is, and I thought it would have been safer if I told my Papaw so my Papaw can sit down with my daddy so he'll do the right thing." Therefore, G.T. told her grandfather about the incident so he could speak to her father. In addition, G.T. stated that she normally visited her grandparents often, however, she never returned to the home her grandparents shared with Massey after he touched her. These actions were consistent with the conduct of a person victimized by a sex crime.

¶16. The jury heard all of the testimony and determined the credibility and weight to give each witness's testimony. Accordingly, we find that the trial court did not err by denying Massey's motion for judgment notwithstanding the verdict.

## II. New Trial.

¶17. Massey also argues that, in the alternative, he is entitled to a new trial. A motion for new trial, in contrast to JNOV, challenges the weight of the evidence. **McIntosh**, 917 So. 2d at 86. A reversal is warranted only if the trial court abused its discretion in denying a motion for new trial. **Id**. In **Jones v. State**, this Court stated:

6

When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997). The evidence should be weighed in the light most favorable to the verdict. *Id*. The standard of review for denial of peremptory instructions is the same. *Walker v. State*, 881 So. 2d 820, 830 (Miss. 2004).

*Jones*, 904 So. 2d at 154; *see also* *McIntosh*, 917 So. 2d at 86.

¶18. Without reiterating the facts discussed in Section I above, we cannot say that the jury's verdict was so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Accordingly, we find that the trial court did not err by denying Massey's motion for new trial, and this issue is without merit.

## CONCLUSION

¶19. For the foregoing reasons, we affirm the jury verdict of the Circuit Court of Lauderdale County.

¶20. **CONVICTION OF LUSTFUL TOUCHING OF A CHILD AND SENTENCE OF TEN (10) YEARS, WITH FIVE (5) YEARS SUSPENDED AND FIVE (5) YEARS PROBATION WITH CONDITIONS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, PAYMENT OF A FINE OF $1,000.00, AN APPEARANCE BOND FEE OF $500.00, VICTIMS IMPACT FUND OF $500.00, AND COURT COSTS OF $295.50, AFFIRMED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, DICKINSON, AND RANDOLPH, JJ., CONCUR. GRAVES AND LAMAR, JJ., CONCUR IN RESULT ONLY.**