# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01404-COA

**ADAM CHISM**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/06/2016 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 02/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.**

**GRIFFIS, P.J., FOR THE COURT**:

¶1.     Adam Chism appeals his conviction of burglary of a dwelling under Mississippi Code Annotated section 99-19-83 (Rev. 2015).  Chism argues that his prior felony convictions were improperly admitted into evidence, the jury's verdict was based on insufficient evidence or against the overwhelming weight of the evidence, and the trial court failed to allow a circumstantial-evidence jury instruction.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Officer Angela Nichols of the Jackson Police Department was dispatched to a

potential home burglary in progress. The house's alarm system was triggered, resulting in the alarm company calling the police, and the police department dispatched Nichols who was close by.

¶3. Nichols arrived at the scene and walked around to the basement in the back of the house where the alarm originated. She saw Chism backing out of the basement carrying a bag. Nichols ordered Chism to drop the bag and get down on the ground. He complied. Nichols arrested Chism after she inspected the bag and found an X-Box One game console.

¶4. Chism testified that he was on his way to his father's house early that Saturday morning to work, like he normally did on Saturdays. As they were driving, Chism and his wife, Mary, got into a dispute. To avoid any further confrontation, Chism testified that he asked Mary to pull over and let him out of the car. He would continue the rest of the way on foot. Chism said that, since he was already on probation from a previous conviction, he wanted to be extra precautious to avoid confrontation. Mary let him out of the car and sped off hurriedly, which worried Chism. He testified that he began walking to the house of his friend's aunt, which was nearby. He planned to borrow a phone to check on his wife and let his father know that he was on the way.

¶5. Chism then testified that he was walking past the house at issue, and he heard an alarm. He walked around the house to investigate and assist anyone that may need help. He then claimed the back door was wide open. Chism also said that he did not intend to go inside and take anything; but, he entered the house and called for anyone that may be inside. He then noticed a bag on the floor of the basement. He picked up the bag just as Nichols was

2

rounding the corner.

¶6. After placing Chism in custody, Nichols testified that she and other officers entered the house through the basement door to inspect and secure the house. Kenneth Gray, the then-tenant of the house, testified that the basement door separating the basement from outside had been pushed in and the doorframe sustained significant damage. Gray testified that he had not given anyone permission to enter his residence. Gray confirmed Nichols's testimony that his bicycle, which he usually stored inside the basement, was leaning against the wall outside of the basement door.

¶7. Once inside the house, Nichols proceeded upstairs into the kitchen and living-room areas. She testified that the door separating the basement from the living room was totally destroyed and completely torn in half. She found the living room in disarray, and the couch was thrown about as though someone had been searching through it. Nichols stated these were all common signs of forced entry and burglary.

¶8. Chism was found guilty and sentenced as a habitual offender to life in the custody of the Mississippi Department of Corrections without the possibility of parole.

ANALYSIS

I. *Whether the admission of Chism's prior burglary convictions into evidence was an abuse of discretion.*

¶9. Chism's first argument is that evidence of his prior felony convictions in 2009 and 2013 for house burglary and auto burglary was improperly admitted. "The standard of review regarding admission or exclusion of evidence is abuse of discretion. We will not reverse the trial court's evidentiary ruling unless the error adversely affects a substantial right

3

of a party." *Mingo v. State*, 944 So. 2d 18, 28 (¶27) (Miss. 2006) (citing *Parks v. State*, 884 So. 2d 738, 742 (¶9) (Miss. 2004)). *See also* M.R.E. 103(a).

¶10. Also, the supreme court has held that "when the trial court determines under Mississippi Rule of Evidence 403 that prejudice substantially outweighs the probative value of particular evidence, it remains within the court's discretion to determine whether to exclude the evidence, since Rule 403 does not mandate such an exclusion but rather states that the evidence may be excluded." *Baldwin v. State*, 784 So. 2d 148, 156 (¶27) (Miss. 2001). In *Baldwin*, the court further stated "that [its] task as an appellate court reviewing a Rule 403 determination is not to engage anew in the Rule 403 balancing process. Rather, it must simply determine whether the trial court abused its discretion in weighing the factors and admitting or excluding the evidence." *Id.* (internal citation omitted).

¶11. Chism filed a motion in limine to preclude the State from introducing evidence of, or otherwise referencing at trial, his prior felony convictions. The trial court reserved ruling on the motion until the appropriate time during trial, and instructed the State to make no references to Chism's prior convictions until addressing the matter with the trial court.

¶12. At the end of trial, after the defense had rested, the State again sought to admit Chism's prior burglary convictions under Mississippi Rule of Evidence 404(b) as self-authenticating judgments of conviction for substantive proof of intent to commit the crime. The court heard argument, overruled Chism's objection, and allowed the house-burglary and auto-burglary convictions into evidence in order to show Chism's intent.

¶13. The elements of burglary of a dwelling are the "breaking and entering [of a] dwelling

4

house . . . of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein . . . ." Miss. Code Ann. § 97-17-23(1) (Rev. 2014). Intent is a vital element of burglary. Rule 404(b) provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, *intent*, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(Emphasis added).

¶14. The Mississippi Supreme Court has held that "[u]sually, evidence of another crime or prior bad act is not admissible. . . . However, evidence or proof of a prior crime or bad act is admissible where it is necessary to show identity, knowledge, intent, or motive, or to prove scienter." *Jones v. State*, 904 So. 2d 149, 152 (¶6) (Miss. 2005).

¶15. In *Jones,* Jessie Jones was convicted of attempted burglary and sentenced as a habitual offender before having that decision reversed and remanded by the Mississippi Court of Appeals. *Id.* at 151 (¶1). Jones testified that he entered the residence in order to obtain help after his vehicle broke down. *Id.* at 153 (¶9). The State then introduced evidence of five prior burglary convictions in order to prove intent. *Id.* The supreme court found, "[t]he prior convictions tend to prove, along with other facts, that Jones's intent was to burglarize the house, not to obtain help." *Id.* After the supreme court found that Jones's prior convictions were originally only offered to show intent, and not modus operandi, the court reversed this Court's decision and reinstated the circuit court's judgment. *Id.* at 155 (¶19).

¶16. In *Carter v. State*, 953 So. 2d 224 (Miss. 2007), during a trial for attempted burglary, evidence of the defendant's six prior burglary or grand-larceny convictions was admitted to the jury to show intent. "The defendant's intent was a necessary element for his conviction, and his prior felony convictions were admitted for limited purposes, permissible under Rule 404(b), including intent." *Carter*, 953 So. 2d at 231 (¶17). The trial court determined that the evidence of the prior convictions was "extremely probative of [the defendant's] intent, a necessary element, and [thus] outweigh[ed] the prejudicial effect." *Id.* at 229 (¶11).

¶17. As in *Jones* and *Carter*, evidence of Chism's prior convictions was offered to prove that Chism's intent was to burglarize the house, not to offer aid to someone. While on the stand, Chism repeatedly answered questions from his attorney regarding his intent that morning, his intent upon approaching the house, and his intent while inside the house. The trial court found that "given [Chism's] vigorous assertion of lack of intent [to steal,] . . . the admission of the [past] burglary conviction[s] . . . is extremely relevant and appropriate, in the State's effort to rebut the defendant's assertion that he did not intend to burglarize the home."

¶18. The trial court determined that the evidence of the prior convictions was not overly prejudicial compared to its probative value. Intent in burglary cases is a central element to the charge. As a result, the evidence of intent was allowed in by Rule 404(b). Therefore, this Court cannot conclude that the trial court abused its discretion in admitting Chism's prior felony convictions into evidence. We find no merit to this issue.

II. *Whether the jury's verdict was supported by legally sufficient evidence and was in accord with the overwhelming weight of the evidence.*

¶19. Chism next argues that the trial court erred in denying his motions for a new trial and for a judgment notwithstanding the verdict (JNOV). To establish that Chism committed burglary, the State was required to prove: "(1) the unlawful breaking and entering; and (2) the intent to commit some crime when entry [was] attained." *Parker v. State*, 962 So. 2d 25, 27 (¶9) (Miss. 2007). We address Chism's claims separately and demonstrate the clear difference between these issues.

### A. Legal Sufficiency of the Evidence

¶20. When considering whether the evidence is sufficient to sustain a conviction in the face of a motion for a JNOV, this Court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (citation omitted). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

¶21. Our supreme court has held:

> Should the facts and inferences considered in a challenge to the sufficiency of the evidence point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render. However, if a review of the evidence reveals that it is of such quality and weight that, having in mind the beyond[-]a[-] reasonable[-]doubt[-]burden[-]of[-]proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been sufficient.

*Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (internal citations and quotation marks omitted) (abrogated on other grounds).

¶22. When considering the evidence in the light most favorable to the prosecution, we find there was sufficient evidence to convict Chism of burglary of a dwelling. The alarm system on the house had been triggered by a break-in, and the alarm company and police were notified. Because Nichols was so close by at the time she received the call from dispatch, she was able to arrive on the scene quickly and see Chism exiting the house through the broken basement door with stolen goods in his possession. The bag contained property later identified as belonging to the resident of the home, Gray. The basement door that Chism admittedly entered and exited without Gray's permission was severely damaged, and the inside of the home showed signs consistent with forced entry and burglary. Gray's bicycle, which was normally stored inside the basement, had been moved and set up against the outside of the house near the basement door.

¶23. Considering these facts, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We find no merit to this issue.

### B. *Overwhelming Weight of the Evidence*

¶24. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, only if the verdict "is so contrary to the overwhelming weight of the evidence [and allowing] it to stand would sanction an unconscionable injustice," will this Court grant the proper remedy of a new trial. *Herring v. State*, 691 So. 2d 948, 957 (Miss. 1997). However, "the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush*, 895 So. 2d at 844 (¶18) (quoting *Amiker v. Drugs For Less, Inc.*, 796 So. 2d 942, 947 (¶18) (Miss. 2000)). In

8

addition, "the evidence should be weighed in the light most favorable to the verdict." *Id.*

¶25.   In viewing the evidence in the light most favorable to the verdict, we cannot say that an unconscionable injustice resulted from the jury's rendering of a guilty verdict.  Chism argues that the State's case is flimsy and based on circumstantial evidence because Nichols did not see Chism break through the door and enter the house.  He also argues that the State failed to establish that Chism had the requisite intent to steal.  However, as stated in detail above, Nichols saw Chism inside the broken-into house and witnessed him intentionally steal the X-Box game console from the house.  This testimony is not in dispute nor is it circumstantial.  Viewed in the light most favorable to the verdict, we cannot say that the evidence preponderates heavily against the jury's decision to find Chism guilty of burglary of a dwelling.  We find no merit to this issue.

> III.    *Whether the trial court erred in refusing a proposed circumstantial-evidence jury instruction.*

¶26.   The giving or refusal of jury instructions is reviewed for an abuse of discretion. *Windless v. State*, 185 So. 3d 956, 960 (¶8) (Miss. 2015).  The Mississippi Supreme Court has consistently held that jury instructions are within the sound discretion of the trial court. *Goodin v. State*, 787 So. 2d 639, 657 (¶60) (Miss. 2001).  A trial court in Mississippi can refuse a jury instruction if the instruction "incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." *Taylor v. State*, 137 So. 3d 283, 286 (¶9) (Miss. 2014) (quoting *Heidel v. State*, 587 So. 2d 835, 842 (Miss. 1991)).

¶27.   The supreme court has repeatedly held that "[w]hen jury instructions are challenged

on appeal, we do not review them in isolation; rather, we read them as a whole to determine if the jury was properly instructed." *Rubenstein v. State*, 941 So. 2d 735, 787 (¶239) (Miss. 2006) (citation and internal quotation marks omitted). When read together, "if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found . . . . There is no error if all instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law." *Id.* at 785 (¶224) (internal citation and quotation marks omitted).

¶28. Chism proposed defense instruction D-7, which provided:

> [t]he Court instructs the jury that if you determine that the State's proof against the Defendant *is wholly circumstantial*, in that event, the guilt of the Defendant must not only be proved beyond a reasonable doubt but also to the exclusion of every other reasonable hypothesis consistent with innocence.

(Emphasis added). In other words, if there is any direct evidence presented in the case, then the State's proof is not wholly circumstantial, and this instruction would be irrelevant.

¶29. "[C]ircumstantial evidence is evidence that, without going directly to prove the existence of a fact, gives rise to a logical inference that such a fact does exist." *Keys v. State,* 478 So. 2d 266, 268 (Miss. 1985). Our supreme court has held that "[a] circumstantial-evidence case is one where the State is 'without a confession and wholly without eyewitnesses to the gravamen of the offense charged.'" *Garrett v. State*, 921 So. 2d 288, 291 (¶17) (Miss. 2006) (quoting *Kniep v. State*, 525 So. 2d 385, 392 (Miss. 1988)).

¶30. "A defendant is entitled to a circumstantial-evidence instruction . . . only when the case against him is based entirely on circumstantial evidence, as opposed to direct evidence." *Grayer v. State*, 120 So. 3d 964, 968 (¶11) (Miss. 2013). "[E]xamples of direct evidence

10

include an admission or confession by the defendant to 'a significant element of the offense,' or eyewitness testimony 'to the gravamen of the offense charged.'" *Kirkwood v. State*, 52 So. 3d 1184, 1187 (¶10) (Miss. 2011) (quoting *Mack v. State*, 481 So. 2d 793, 795 (Miss. 1985)). The latter example is most relevant to this case.

¶31. Here, there is eyewitness testimony to the gravamen of the offense of burglary of a dwelling: "(1) the burglarious breaking and entering [of] a dwelling, and (2) the felonious intent to commit some crime therein." *Moore v. State*, 344 So. 2d 731, 735 (Miss. 1977). The crux of Chism's argument is that since there was no eyewitness who identified him as the person who broke into and entered Gray's residence, nor was there evidence of Chism's intent to steal, all the State's evidence is circumstantial. Therefore, he claims he is entitled to the circumstantial-evidence instruction.

¶32. However, the State produced direct evidence to the gravamen of the offense charged in the form of eyewitness testimony. Nichols's testimony puts Chism inside and exiting the broken-into house while intentionally in the possession of stolen property. Therefore, because of the presence of direct eyewitness testimony, the State's case was not wholly circumstantial. Accordingly, we find that Chism was not entitled to a circumstantial-evidence instruction. We find no merit to this issue. Chism's conviction and sentence of life without eligibility for parole as a habitual offender are affirmed.

¶33. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

11