# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00736-COA

JIMMY LEWIS, JR. A/K/A JIMMIE LEWIS            APPELLANT

v.

STATE OF MISSISSIPPI                       APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2021 |
| CIRCUIT JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/16/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Curtis Curry was robbed at gunpoint by Jimmy Lewis Jr. and Robert Riley on December 29, 2016. A jury found Lewis guilty of conspiracy and armed robbery, and the trial court sentenced him to serve five years for the conviction of conspiracy and fifteen years for the conviction of armed robbery in the custody of the Mississippi Department of Corrections. The court ordered the sentence for armed robbery to run consecutively to the sentence for conspiracy and imposed a term of five years of post-release supervision. Lewis appeals his convictions arguing the trial court's granting of the State's motion in limine prevented Lewis from cross-examining Curry about his previous robbery accusations. This

ruling is Lewis' sole issue on appeal. After reviewing the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 25, 2016, Curry delivered Christmas presents to Lewis' home. During his visit, Lewis and Riley heard Curry boasting about winning $300 from a football bet. On December 29, 2016, Curry heard a knock at his door around 1:00 a.m. When Curry went to the door, he saw Lewis standing outside. Lewis told Curry that he needed to talk to him. As soon as Curry unlocked the storm door, Lewis quickly opened the door, pulled a gun on Curry, and demanded money. Curry, a man in his mid-sixties, began to wrestle Lewis for the gun.

¶3.     While wrestling for the gun, Lewis yelled for Riley's help to restrain Curry. Riley assisted Lewis by pistol-whipping Curry in the head, pushing Curry and Lewis inside the home, and attempting to duct tape Curry's legs. While the struggle for the gun continued, Lewis began to strangle Curry with his hands and demand the money. Eventually, Curry complied. Lewis followed Curry to his room, keeping his gun pointed at Curry. Curry gave Lewis $517 from his dresser. Lewis demanded more money, so Curry promised to give Lewis an additional $200 and not to call the police. After Lewis and Riley left his home, Curry called the police.

¶4.     Once the police arrived, they observed blood on the floor in front of the door and the refrigerator. The officers also saw that Curry had blood on the back of his shirt, a deep gash to his forehead, and duct tape around his legs. During an interview with the police, Curry

told the police that Lewis and Riley had attacked and robbed him. Due to his deteriorating condition, the police called an ambulance for Curry. After Curry recovered from his injuries, he signed criminal affidavits against Lewis and Riley.

¶5. A Coahoma County grand jury indicted Lewis and Riley for three counts: conspiracy to commit armed robbery (Count I), armed robbery with a firearm and elderly enhancements (Count II), and possession of a firearm by a felon (Count III). Lewis alleged that the charges against him were fabricated and pled not guilty. His trial was set for February 22, 2021.

¶6. During his time in jail before the trial, Lewis wrote a letter asking Curry to drop the charges, alleging Curry had made false allegations of robbery against others in the past. Lewis shared these allegations with Detective Dawson. Before Lewis' trial, the State filed a motion in limine, requesting the trial court to prevent Lewis from presenting the letter or any testimony as evidence of Curry's previous accusations of robbery against other individuals. The trial court held a hearing on the motion, and the State argued that the letter was irrelevant to the current charges against Lewis. Lewis' attorney argued that he would cross-examine Curry about the allegations Lewis had made. However, Lewis' attorney admitted that the letter was hearsay and stated that he did not intend to present witnesses with actual knowledge of Curry's previous accusations of robbery. The trial court granted the motion in limine on fairness grounds.

¶7. At trial, Riley testified that he and Lewis planned to rob Curry on December 29, 2016. When Curry unlocked his door, Lewis pulled the door open, pulled a gun on him, and

3

demanded money. Riley testified that he and Lewis pushed Curry inside his house and that Curry eventually gave Lewis $517. Lewis did not attempt to reference Curry's previous accusations of robbery during cross-examination. Lewis also did not testify or present witnesses in his defense. The jury found Lewis guilty of conspiracy to commit armed robbery (Count I) and armed robbery with a firearm and elderly enhancement (Count II). Based on the trial transcript and record, the charge in Count III was not presented to the jury for trial. Lewis appealed the trial court's granting the motion in limine.

## STANDARD OF REVIEW

¶8. A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. "Unless . . . the judge abuses this discretion so as to be prejudicial to the accused, this Court will not reverse." *Burrows v. State*, 961 So. 2d 701, 706 (¶16) (Miss. 2007) (quoting *Fisher v. State*, 690 So. 2d 268, 274 (Miss. 1996)). "This Court reviews a trial court's admission or exclusion of evidence for an abuse of discretion." *Easterling v. State*, 306 So. 3d 808, 824 (¶24) (Miss. Ct. App. 2020) (quoting *Thompson v. State*, 157 So. 3d 844, 851 (¶20) (Miss. Ct. App. 2015)).

## ANALYSIS

¶9. Lewis argues that the trial court erred by not allowing him to cross-examine Curry on his previous accusations of robbery against other individuals because they involved Curry's credibility and truthfulness and were relevant to his defense. Conversely, the State argues that Lewis' claim is procedurally barred because he failed to raise these arguments during

4

the motions hearing and then failed to proffer Curry's testimony at trial. In the alternative, the State argues that the trial court did not abuse its discretion because the admittance of any previous accusations of robbery would have been substantially prejudicial.

¶10. "The primary purpose of a pre-trial motion in limine is to exclude from trial evidence highly prejudicial to the movant, not to exclude irrelevant evidence." *Whittley v. City of Meridian*, 530 So. 2d 1341, 1343-44 (Miss. 1988). "Once a pretrial motion to exclude by virtue of an order in limine has been granted, the moving party has a binding court order instructing opposing counsel to make no reference to the excluded evidence within the hearing of the jury." *Id*. at 1344. "When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." *Heflin v. Merrill*, 154 So. 3d 887, 890 (¶8) (Miss. Ct. App. 2013).

¶11. In the present case, the letter in question was inadmissible at trial as hearsay, a fact which Lewis' attorney concedes in the following exchange:

> MR. JOHNSON:    I don't have any other witnesses -
>
> THE COURT:    That have actual knowledge?
>
> MR. JOHNSON:    Right.
>
> THE COURT:    Personal knowledge.
>
> MR. JOHNSON:    Personal knowledge, and **what Mr. Lewis talked about is what -- is hearsay clearly**.

5

THE COURT: All right. Given the fact that you don't have anybody who can come in with personal knowledge of these alleged prior claims . . . I don't think it's -- I don't believe it would be proper.

(Emphasis added). Hearsay is not admissible except as provided by law. MRE 802. Since Lewis acknowledged the letter was hearsay and failed to provide an exclusion from or an exception to the rule prohibiting hearsay, the letter would be inadmissible under the rules of evidence. *See Pitts v. State*, 291 So. 3d 751, 755 (¶20) (Miss. 2020).

¶12. Furthermore, the trial court addressed the prejudicial effect on the jury in the same exchange when the trial court noted that it "wouldn't be fair" to ask about the accusations in the letter without having proof. Mississippi Rule of Evidence 403 allows the court to exclude relevant evidence "if its probative value is outweighed by a danger of unfair prejudice." MRE 403. "Where a trial court determines that potentially prejudicial evidence possesses sufficient probative value, it is within that court's sound discretion whether or not to admit same." *Jones v. State*, 904 So. 2d 149, 152 (¶7) (Miss. 2005) (citing *Baldwin v. State*, 784 So. 2d 148, 156 (¶27) (Miss. 2001)). The trial court noted that while the witness could deny the allegations of prior false robbery claims, "[e]ven though you don't have any proof of it[, the allegation would remain]. . . . I just don't think that's a fair process." The trial court found that allowing references to the accusations in the letter "doesn't pass the fair test to me" and granted the motion in limine. We agree that unfounded allegations that a witness falsely accused others of crimes in the past could serve to confuse or inflame a fact-finder. Given this record, the trial court's analysis shows that the trial court considered the

6

*Heflin* factors as required. *Heflin*, 154 So. 3d at 890 (¶8). The record also shows that the trial court did not believe, based on the candor of defense counsel, that there was a good faith basis for the admissibility of the letter or testimony regarding any false allegations of previous robberies. *See*, *e.g.*, *Flowers v. State*, 773 So. 2d 309, 326 (¶58) (Miss. 2000).

¶13. Therefore, we cannot say that the trial court abused its discretion by excluding the letter. Lewis has failed to establish that the trial court's evidentiary exclusion was so prejudicial as to deny him a fair trial. After reviewing the evidence, it is clear that the trial court did not abuse its discretion by limiting Lewis' cross-examination of Curry.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**